1    WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9    Jane F. Williams, et al.,                    No. CV-14-02157-PHX-JAT

10                      Plaintiffs,                **ORDER**

11   v.

12   Zimmer Holdings Incorporated,

13                      Defendant.

14

15          Pending before the Court is the parties' joint motion for a protective order.  (Doc.

16   34).   As a general matter, global protective orders are not appropriate. *See AGA*

17   *Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007).

18   Rule 26(c) requires a party seeking a protective order to show good cause for issuance of

19   such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the

20   party seeking protection bears the **burden of showing specific prejudice or harm will**

21   **result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1

22   (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.

23   2002)). The party seeking protection "**must make a 'particularized showing of good**

24   **cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San*

25   *Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

26          Thus, "[t]he burden is on the party to requesting a protective order to demonstrate

27   that (1) the material in question is a trade secret or other confidential information within

28   the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm."

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

In this case, Defendant has attempted to make some particularized showing, stating that Plaintiff seeks: "confidential and trade secret documents and information **generally** not available in the open market and not placed into the public domain **by Zimmer**. These documents and information include, for example, product design configurations, product design drawings, product test reports, marketing information, research and development information, and other non-public and proprietary information relating to the Device."  Doc. 34 at 2 (emphasis added).  However, the protective order sought by the parties is not limited to this information.  Further, even as to the information listed, Defendant states that "Zimmer" does not make the information available publicly, not that the information is not publically available or that Defendant would be prejudiced if it were publically available.

Additionally, Defendant states that the above list is "among" the items sought by Plaintiff.  *Id.*  Further, the parties state that they also intend to mark confidential Plaintiff's "confidential and private" medical, employment and financial information. The parties have made no showing that this information is actually kept confidential and the Court finds it difficult to imagine that Plaintiff's employment history is actually confidential.  Further, significant amounts of Plaintiff's medical history are already recounted in the complaint in this case.

Thus, based on the foregoing, the Court finds that the parties have failed to make a particularized showing of good cause with respect to each document.  As a result the request for a protective order will be denied.  Accordingly,

**IT IS ORDERED** that the motion for protective order (Doc. 34) is denied, without prejudice.

/ / /

/ / /

/ / /

- 2 -

**IT IS FURTHER ORDERED** that, if the parties elect to file a timely, new motion for protective order, they must submit a proposed form of order to chambers as required by the administrative policies and procedures manual.

Dated this 11th day of January, 2016.

James A. Teilborg
Senior United States District Judge